UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
FEDERAL INSURANCE COMPANY,                               :
                                                         :  Case No. 10 Civ. 1160 (RJS)
             Plaintiffs,                                 :
                                                         :
       v.                                                :
                                                         :
THE ESTATE OF IRVING GOULD, MEHDI                        :
ALI, ALEXANDER M. HAIG, JR., THE                         :
ESTATE OF RALPH SELIGMAN, BURTON                         :
WINBERG and J. EDWARD GOFF,                              :
                                                         :
             Defendants.                                 :
                                                         :
-------------------------------------------------------- x
                                                         :
THE ESTATE OF IRVING GOULD, MEHDI                        :
ALI, ALEXANDER M. HAIG, JR., THE                         :
ESTATE OF RALPH SELIGMAN, BURTON                         :
WINBERG and J. EDWARD GOFF,                              :
                                                         :
             Third-Party Plaintiffs,                     :
                                                         :
       v.                                                :
                                                         :
CHARTIS INSURANCE COMPANY OF                             :
CANADA (f/k/a American Home Assurance                    :
Company (Canada Branch)) and TRAVELERS                   :
CASUALTY AND SURETY COMPANY (f/k/a                       :
The Aetna Casualty and Surety Company),                  :
                                                         :
             Third-Party Defendants.                     :
                                                         :
-------------------------------------------------------- x

**THIRD-PARTY DEFENDANT CHARTIS INSURANCE COMPANY OF CANADA'S
(F/K/A AMERICAN HOME ASSURANCE COMPANY)
ANSWER AND DEFENSES TO THIRD-PARTY PLAINTIFFS' COMPLAINT**

Third-Party Defendant Chartis Insurance Company of Canada (f/k/a American Home Assurance Company) ("CICC") hereby answers Third-Party Plaintiffs' Complaint (the "Third-Party Complaint") as follows:

### FIRST DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

CICC responds to the enumerated paragraphs of the Third-Party Complaint as follows:

### NATURE OF THE ACTION

1. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and, therefore, CICC denies the allegations.

2. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and, therefore, CICC denies the allegations.

3. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and, therefore, CICC denies the allegations.

### THE PARTIES

1. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and, therefore, CICC denies the allegations.

2. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and, therefore, CICC denies the allegations.

3. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and, therefore, CICC denies the allegations.

4. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4, and, therefore, CICC denies the allegations.

5. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and, therefore, CICC denies the allegations.

6. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6, and, therefore, CICC denies the allegations.

7. CICC admits that it is an insurance company incorporated in Canada with its principal place of business in Canada. CICC further admits that American Home Assurance Company is licensed to do business in New York. CICC denies the remainder of the allegations in Paragraph 7.

8. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and, therefore, CICC denies the allegations.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 consist of legal conclusions which require no response and, therefore, are denied.

10. The allegations in Paragraph 10 consist of legal conclusions which require no response and, therefore, are denied.

## FACTUAL BACKGROUND

11. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and, therefore, CICC denies the allegations.

12. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, and, therefore, CICC denies the allegations.

13. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and, therefore, CICC denies the allegations.

14.     CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and, therefore, CICC denies the allegations.

15.     CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and, therefore, CICC denies the allegations.

16.     CICC admits that it sold an insurance policy to Commodore International Limited ("Commodore"), Policy Number 970-4185, with a limit of liability of $10 million (U.S.), for the policy period November 8, 1991 to November 8, 1992, which was subsequently extended by Endorsements to November 8, 1997 (the "Primary Policy"). CICC further admits that it sold an insurance policy to Commodore, Policy Number 970-4712, with a limit of liability of $1 million (U.S.), for the policy period November 8, 1993 to November 8, 1994, which was subsequently extended by Endorsement to November 8, 1997 (the "CICC Policy"). CICC lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 16, and, therefore, CICC denies these allegations.

17.     CICC admits that the Primary Policy's limit of liability has been exhausted. CICC further states that the Primary Policy speaks for itself as to its content and CICC denies the allegations in Paragraph 17 to the extent that they are inconsistent with the Primary Policy. CICC lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 17, and, therefore, CICC denies these allegations.

18.     CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and, therefore, CICC denies the allegations.

19.     CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and, therefore, CICC denies the allegations.

20. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and, therefore, CICC denies the allegations.

21. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and, therefore, CICC denies the allegations.

22. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and, therefore, CICC denies the allegations.

23. CICC states that the CICC Policy speaks for itself as to its content. CICC denies the allegations in Paragraph 23 to the extent that they are inconsistent with the CICC Policy.

24. CICC states that the CICC Policy speaks for itself as to its content. CICC denies the allegations in Paragraph 24 to the extent that they are inconsistent with the CICC Policy.

25. Denied.

26. Denied.

27. Denied.

28. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and, therefore, CICC denies the allegations.

29. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29, and, therefore, CICC denies the allegations.

**COUNT I**
**(DECLARATORY JUDGMENT AGAINST CICC)**

30. CICC hereby incorporates its responses in each and every paragraph above as if fully set forth herein.

31. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and, therefore, CICC denies the allegations.

32. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and, therefore, CICC denies the allegations.

33. Denied.

34. Denied.

35. The allegations in Paragraph 35 consist of legal conclusions which require no response and, therefore, are denied.

36. Denied.

## COUNT II
## (BREACH OF CONTRACT AGAINST CICC)

37. CICC hereby incorporates its responses in each and every paragraph above as if fully set forth herein.

38. CICC states that the CICC Policy speaks for itself as to its content. CICC denies the allegations in Paragraph 38 to the extent that they are inconsistent with the CICC Policy. To the extent the allegations in Paragraph 38 consist of legal conclusions, no response is required and, therefore, the allegations are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT III
## (DECLARATORY JUDGMENT AGAINST TRAVELERS)

43. CICC hereby incorporates its responses in each and every paragraph above as if fully set forth herein.

44. Denied.

45. Denied.

46. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and, therefore, CICC denies the allegations.

47. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and, therefore, CICC denies the allegations.

48. The allegations in Paragraph 48 consist of legal conclusions which require no response and, therefore, are denied.

49. CICC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49, and, therefore, CICC denies the allegations.

## PRAYER FOR RELIEF

CICC denies each and every allegation, assertion, and request for judgment in Third-Party Plaintiffs' Prayer for Relief.

## DEMAND FOR JURY TRIAL

Third-Party Plaintiffs' demand for a jury trial requires no response.

## DEFENSES

## THIRD DEFENSE

CICC denies any allegations not specifically admitted above.

## FOURTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

## FIFTH DEFENSE

CICC hereby incorporates all of the provisions, definitions, exclusions and conditions contained within the policies of insurance under which Third-Party Plaintiffs purport to sue. Applying these provisions, any recovery is barred or should be reduced accordingly.

## SIXTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, to the extent there is valid and collectible insurance available to cover the claims made against Third-Party Plaintiffs other than the policies of insurance under which Third-Party Plaintiffs purport to sue.

## SEVENTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, to the extent that Third-Party Plaintiffs do not qualify as insureds or named insureds under the policies of insurance under which Third-Party Plaintiffs purport to sue.

## EIGHTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, to the extent that the conditions precedent and subsequent to the existence of insurance coverage under the policies of insurance under which Third-Party Plaintiffs purport to sue have not been satisfied, including but not limited to the extent of any requirement that prompt written notice be provided to CICC concerning the claims and/or detailed notice as soon as practicable concerning any occurrence that form the basis of the claims at issue.

## NINTH DEFENSE

Third-Party Plaintiffs' claims are barred to the extent that potential exposure to damages or to defense or settlement costs has not been minimized or mitigated, or otherwise has prejudiced CICC.

**TENTH DEFENSE**

Third-Party Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable public policy or express provision of law precludes or restricts coverage.

**ELEVENTH DEFENSE**

Third-Party Plaintiffs' claims are barred, in whole or in part, because they are not ripe for adjudication.

**TWELFTH DEFENSE**

Third-Party Plaintiffs' claims are barred, in whole or in part, because there is no case or controversy.

**THIRTEENTH DEFENSE**

Third-Party Plaintiffs' claims are barred because the Court does not have jurisdiction.

**FOURTEENTH DEFENSE**

Third-Party Plaintiffs' claims are barred because the total amount of the applicable defense or indemnity costs have not exceeded the amount required to trigger liability pursuant to the policies of insurance under which Third-Party Plaintiffs purport to sue.

**FIFTEENTH DEFENSE**

Third-Party Plaintiffs' claims are barred because the amount of the Third-Party Plaintiffs' obligation to pay has not been finally determined, which is a condition precedent to commencing an action against CICC pursuant to the policies of insurance under which Third-Party Plaintiffs purport to sue.

## SIXTEENTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, because Third-Party Plaintiffs have not complied with the co-insurance clause of the policies of insurance under which Third-Party Plaintiffs purport to sue.

## SEVENTEENTH DEFENSE

CICC may have additional defenses that cannot now be articulated due to the generality of Third-Party Plaintiffs' pleadings and because discovery is incomplete. Accordingly, CICC expressly reserves the right to supplement the foregoing and plead any and all additional defenses available under the law of any jurisdiction whose law may be determined to be applicable to this action.

WHEREFORE, CICC respectfully requests that this Court enter Judgment in its favor and against Third-Party Plaintiffs, and further requests that the Court:

(a) dismiss all claims against CICC with prejudice;

(b) award CICC's costs and attorneys' fees; and

(c) grant such further relief as the Court deems proper.

Dated:   New York, New York
         September 9, 2010

ALSTON & BIRD LLP

By: /s/ Alexander Lorenzo
Todd R. David (*admission pending*)
Alexander S. Lorenzo
90 Park Avenue
New York, New York  10016
(212) 210-9400

*Attorneys for Third-Party Defendant Chartis Insurance Company of Canada (f/k/a American Home Assurance Company)*