UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>                        Plaintiff,<br><br>- against -<br><br>THE ESTATE OF IRVING GOULD, et al.,<br><br>                        Defendants. | No. 10 Civ. 1160 (RJS) |
| THE ESTATE OF IRVING GOULD, et al.,<br><br>                        Third-Party Plaintiffs,<br><br>- against -<br><br>CHARTIS INSURANCE COMPANY OF CANADA (f/k/a American Home Assurance Company (Canada Branch)) and TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a The Aetna Casualty and Surety Company)<br><br>                        Third-Party Defendants. | |

## DEFENDANTS' NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE INSURANCE COMPANIES' EXHAUSTION DEFENSES

PLEASE TAKE NOTICE that upon the accompanying memorandum of law, the Declaration of Rene F. Hertzog, dated December 15, 2010, and the Declaration of Boji Wong, dated December 15, 2010, defendants the Estate of Irving Gould, Mehdi Ali, the Estate of Alexander M. Haig, Jr., the Estate of Ralph Seligman, Burton Winberg and J. Edward Goff (collectively "Defendants"), by and through their attorneys, Anderson Kill & Olick, P.C., pursuant to Rule 56 of the Federal Rules of Civil Procedure, will move this Court, before the Honorable Judge Richard J. Sullivan, at the United States Courthouse for the Southern District of

New York, 500 Pearl Street, New York, New York 10007, for an Order granting Defendants' Motion for Partial Summary Judgment on the Insurance Companies' Exhaustion Defenses for a declaration that: (1) Chartis has a present obligation to "drop down" provide coverage for the Bahamas Action to the extent that Federal and Travelers are not obligated to "drop down" to fill the gap of certain insolvent underlying insurance companies and further that in any event Chartis' coverage obligations are triggered once Defendants' defense and/or indemnity liabilities in the Bahamas Action exceed $50 million; and (2) Federal and Travelers' coverage obligations are triggered once the total amount of Defendants' defense and/or indemnity obligations exceeds the limits of any insurance policies underlying their respective policies, regardless of whether such amounts have actually been paid by those underlying insurance companies.

Dated:   December 15, 2010

By: /s/ Rene F. Hertzog
ANDERSON KILL & OLICK, P.C.
Finley T. Harckham, Esq.
Alex Hardiman, Esq.
Rene F. Hertzog, Esq.
1251 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 278-1000

*Attorneys for Defendants*
*The Estate of Irving Gould, Mehdi Ali, the Estate of Alexander M. Haig, Jr., the Estate of Ralph Seligman, Burton Winberg and J. Edward Goff*

To:  Joseph G. Finnerty III, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
*Attorneys for Plaintiff-Counter Defendant Federal Insurance Company*

To:  Alexander Lorenzo, Esq.
Alston & Bird LLP (NYC)
90 Park Avenue
New York, NY 10016
*Attorneys for Third Party Defendant Chartis Insurance Company of Canada*

To:    James Sandnes, Esq.
       Boundas Skarzynski Walsh & Black
       1 Battery Park Plaza
       New York, NY 10004
       *Attorneys for Third Party Defendant*
       *Travelers Casualty and Surety Company*